ARTHUR M. GREEN ET AL., TRADING AS GREEN & PLATT, v. THE CITY OF CAPE MAY.

1. The charter of the city of Cape May conferred upon the common council the authority to pass ordinances for the prevention and suppression of fires, and to appoint and remove fire wardens; and, by ordinance, to prescribe the powers and duties of such fire wardens, and of the fire engineers and firemen; and also the right to raise money by taxation for supporting the fire department. *Held*, that although no express grant of power is conferred to purchase engines and apparatus, yet that such power is necessarily or fairly implied as incident to the power expressly granted.

2. The power to purchase apparatus may be exercised by the common council either by resolution or by ordinance, when, by the charter, that body is not restricted to a particular method.

3. All objections to a contract made by a committee of a common council are cured by the vote of ratification of such contract by the common council.

Green v. City of Cape May.

This action was brought by Green & Platt, partners, to recover from the city of Cape May the price of a Babcock steam fire engine and ten fire extinguishers, alleged to have been sold by the plaintiffs to the defendants. A verdict was rendered for the plaintiffs. A rule to show cause why a new trial should not be granted was allowed by the trial judge. The facts upon which the reasons for a new trial are dependent appear in the opinion.

Argued at November Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the rule, *S. H. Grey.*

*Contra, A. C. Scovel.*

The opinion of the court was delivered by

REED, J. The main contention by the counsel of the defendants is, that there was no power in the defendants, the city of Cape May, to make a contract for the purchase of a steam fire engine and extinguishers. If this is so, the contract in question is *ultra vires* and invalid. In turning to the charter of the defendants, (*Pamph. L.,* 1851, *p.* 112,) we find in sections thirteen and eighteen the source of whatever power the defendants possess relative to contracts like the one under consideration. In section thirteen, among the powers conferred upon the city council is the authority to pass ordinances for the prevention and suppression of fires, and to appoint and remove fire wardens, and, by ordinance, to prescribe the power and duty of such fire wardens, and of the fire engineers and firemen. The clause in section eighteen confers the right to raise money by taxation for supporting the fire engine department. There is nowhere a specific grant of power to purchase engines and apparatus. The contention, therefore, is that such power does not exist. But this contention is not tenable. The rule that an express grant of power carries with it a grant of those powers necessarily or fairly implied in or inci-

dent to the power expressly granted, is indisputable.    1 *Dillon on Mun. Corp.*, § 55.

The power to suppress fires, &c., would be nugatory without the power to obtain the means by which the suppression can be effected.   The authority to prescribe the power and duties of firemen and fire engineers implies that there shall be apparatus, in the management of which duties shall arise and become the subject of municipal regulation.   The power to organize a fire department, unaccompanied with the power to equip the department with apparatus, would be as futile as the privilege of raising an army, without the power to provide weapons or subsistence.   The power to do either would imply the power to effectuate the intent involved in the grant by the execution of its incidents.

The contracts for the purchase of apparatus are clearly among the incidents of the grant.   The power to purchase fire engines has been, in several states, sustained under the authority of the city to make police regulations for public safety, which, it is held, confers the power to take measures for the prevention of fires.   Whether the power to suppress fires arises from the general safety clause of the charter, or from express grant, it carries with it the right to purchase fire engines.   1 *Dillon on Mun. Corp.*, § 94.   I therefore think the power to purchase the engine and extinguishers was in the defendants.

It is next objected that all the proceedings relative to the purchase of them was by resolution and not by ordinance. The contention is that, if the right to purchase the engine and extinguishers flows from the grant respecting the suppressing of fires, the method of legislation relative to the exercise of express grant must be pursued in dealing with the incident. I do not understand this to be the rule.   The city can exercise its power, either by resolution or ordinance, whenever it is not restricted to a particular method.   It is only in organizing the department, in drafting a plan of government for it, or in prescribing the manner of the election of its officers and

their duty, that the charter requires that the common council shall act by ordinance.

The requirement ceases there. The temporary and recurring necessities of the department can be supplied by motion and order. The employment of hands, the purchase of oil or hose, the repair of houses or engines, and all the current business incident to the management of the department, can be transacted by resolution.

It is further insisted that no contract to purchase is proven. This is urged upon the ground that the committee appointed by the common council to purchase consisted of three members, two of whom gave a written power to the third to make the purchase according to the instruction of the common council, and agreed that his action should be taken as the action of the whole committee.

The third member, to whom the power was given, entered into a contract to purchase, dated January 31st, 1874, by which the plaintiffs were to furnish one Babcock fire engine, No. 2, and ten fire extinguishers, in ninety days. The engine was furnished within the time. The defendants say that the third member of the committee has no power, because the power granted to the committee of three could not be delegated. The force of this objection is broken by the fact that the common council, after the contract was entered into, upon its terms being reported, ratified it. Whatever authority was lacking originally, was supplied by the subsequent vote of ratification. *Story on Agency*, § 249; 1 *Dillon on Mun. Corp.*, § 385.

The rule to show cause is discharged, with costs.